IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER ENGLAND, | * | |
| Individually and on behalf of similarly | * | |
| situated employees, | * | Civil Action No._____ |
| Plaintiff | * | |
| -v- | * | |
| | * | |
| THE ADMINISTRATORS OF THE | * | |
| TULANE EDUCATIONAL FUND  d/b/a | * | |
| TULANE UNIVERSITY | * | |
| Defendant | * | |

_____

### PLAINTIFFS' ORIGINAL COMPLAINT-COLLECTIVE ACTION

_____

NOW COMES Plaintiff, Christopher England, individually and on behalf of all other similarly situated employees, and files this Original Complaint-Collective Action, and respectfully show the following:

### I.

### SUMMARY

Christopher England was employed by defendant, hereinafter referred to as "Tulane" in a capacity described as "tutor" by defendant.  Said employment capacity was categorized by Tulane as "non-exempt."  Accordingly, Mr. England should have been paid overtime as required by the Fair Labor Standards Act (FLSA) for any hours worked in excess of forty per week.  Mr.

England routinely worked overtime hours and met Tulane's own definition of a full-time employee, averaging over thirty-seven and a half (37.5) hours per week.  Tulane creatively calculated Mr. England's pay, denied him benefits paid to other full-time employees, instructed him not to clock in using the timekeeping system and finally, terminated him, admitting they had compliance issues with the FLSA.

Plaintiff seeks overtime wages owed to him, liquidated damages, wages owed to him in the form of vacation/sick time/PTO/holiday pay, state law penalty wages on same, compensation for denial of other employee benefits (insurance and retirement), attorney fees, and all other relief permitted.  The putative class is comprised of all similarly situated hourly, non-exempt employees employed by Tulane within the past three years who worked at least thirty-seven and a half hours per week, with some overtime, and were not paid correctly through cash wages and/or benefits.

## II.

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Further, this Court has supplemental jurisdiction over plaintiff's claims under La. Civ. Code Art. 2315 and 2298, and La. Rev. Stat. 23:635 pursuant to 28 U.S.C. § 1367.

2.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

III.

PARTIES

3.      Plaintiff, Christopher England, resides in New Orleans, Louisiana.  He was employed by Tulane to work in the A.B. Freeman School of Business during the years 2012-2015.

4.      Defendant, Tulane, is a University with its domicile in New Orleans, Louisiana.

IV.

COLLECTIVE ACTION FACTS/VIOLATIONS

5.      At all times relevant to this action, Defendant was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

6.      At all times relevant to this action, Defendant had knowledge of the unlawful actions complained about herein, might have prevented the actions which caused plaintiff's damages and failed to do so.  Defendant is answerable for the offenses committed by its agents or employees in the course and scope of their employment pursuant to La. Civ. Code Art. 2320.

7.      The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and other similarly situated, hourly, non-exempt employees of Tulane who were employed by Defendant during the three (3) years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

8.      The FLSA Collective consists of similarly situated current and former employees of Tulane who were denied proper overtime while classified as non-exempt employees through Tulane's custom or policy of ignoring internal and federal overtime requirements.

9.     As part of their regular business practice, Tulane intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice and or policy of violating the FLSA overtime provisions.  Said pattern, practice and/or policy includes but is not limited to the following:

   a.     failing to keep accurate records of hours worked by employees as required by the FLSA and Ls. Rev. Stat 23:14; and

   b.     failing to pay employees the appropriate overtime rate for all time worked in excess of forty (40) hours per week (FLSA requirement) and thirty-seven and a half (37.5) hours per week (internal requirement).

10.    Defendant was unjustly enriched by the implementation of these illegal pay practices.

11.    Defendant's unlawful conduct has been intentional, willful and in bad faith, causing significant damages to Plaintiff and the FLSA Collective.

12.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  The FLSA Collective employees are known to Defendant, are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt-in pursuant to 29 U.S.C. § 216(b).

13.    All conditions precedent to the bringing of this lawsuit have been satisfied and fulfilled.

V.

FAILURE TO PAY OVERTIME

14.     The FLSA requires that overtime be paid at a rate of one and one-half (1.5) the regular hourly rate for all hours worked by an employee in excess of forty (40) hours per seven (7) day work week.

15.     Tulane's own internal requirements, considered thirty-seven and one-half (37.5) hours within a seven (7) day work week to be fulltime, therefore any hours worked in excess of thirty-seven and one-half should be paid at the overtime rate of one and one-half times the regular hourly rate.

16.     At all material times hereto, Mr. England's rate of pay was $19.00 per hour.

17.     Tulane labeled Mr. England's position as that of a "tutor" and he was classified as a non-exempt employee. See Exhibit A.

18.     Mr. England's duties were largely clerical in nature and were subject to the review and approval of others.

19.     Mr. England was instructed by Tulane not to punch in and out.  See Exhibit B.

20.     Tulane did, in fact, pay Mr. England some overtime but still owes for numerous hours despite amicable demand.

VI.

FAILURE TO PAY/OFFER BENEFITS

21.     Tulane offers benefits to employees who work thirty-seven and one-half (37.5) hours per week.

22.     Said benefits include, but are not limited to, vacation, paid time off, sick time, paid holidays, health insurance and retirement contribution plans.

23.     Tulane failed to offer these benefits to Mr. England, despite his inquiries about them and the fact that at all material times hereto he worked well above the requisite number of weekly hours to trigger the application of benefits.

24.     Vacation, paid time off, sick days and paid holidays are considered wages which are due and payable upon separation under the Louisiana Wage Payment Act ("LWPA").

25.     Tulane effectively terminated Mr. England's employment and sent him an exit survey. See Exhibit C.

26.     Mr. England made demand for payment of these wages upon his separation, Tulane failed to pay the wages, and therefore, Mr. England is entitled to penalty wages and attorney fees pursuant to La. R.S. 23:631 *et seq.*

27.     With regard to other benefits that should have been paid to Mr. England, such as insurance(s) and retirement contribution plans, Mr. England is entitled to be paid the value of such benefits and/or damages from the denial of said benefits.

VI.

DAMAGES

28.     Plaintiff seeks all damages allowed under the FLSA and Louisiana law, including:

A.     Issuance of notice as soon as possible to all hourly employees describes herein as the putative class.  Generally, this notice should inform them that this action has

been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

B.     Judgment against the Defendants for an amount equal to Plaintff's and the class' unpaid overtime wages;

C.     Judgment against defendants that their FLSA violations were willful;

D.     An equal amount to the unpaid overtime wages as liquidated damages;

E.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

F.     Judgment awarding an amount equal to the paid time off, vacation, sick time and paid holidays Plaintiff was denied and state law penalty wages for nonpayment of same;

G.     Judgment awarding the value of other benefits denied to Plaintiff and/or damages caused by denial of same;

H.     All costs incurred and reasonable attorney's fees for prosecuting these claims;

G.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.     Leave to amend to add claims, including any claims under applicable state laws;

J.     Incentive awards to named plaintiff; and

J.     For such further relief as the Court deems just and equitable.

WHEREFORE, premise considered, plaintiff respectfully prays that defendant be summoned to appear and that, upon a trial on the merits, all relief requested be awarded to plaintiff and similarly situated employees and for such other and further relief to which plaintiff and others are justly entitled.


Respectfully Submitted,

*/s/Laura L. Catlett*

Laura L. Catlett, Attorney at Law, LLC

Louisiana Bar No. 31431

650 Poydras Street, Suite 1414

New Orleans, LA  70130

Telephone: (504)521-7958

Fax:  (866)587-6697

Email:  LauraLCatlettLaw@gmail.com


Plaintiff requesting waiver of summons

CERTIFICATE OF INTERESTED PARTIES

1. Christopher England
2. Laura L. Catlett
3. Michael A. Fitts, President
   The Administrators of the Tulane Educational Fund d/b/a Tulane University