UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ENGLAND,**<br>Individually and on Behalf of Similarly Situated Employees<br><br>**VERSUS**<br><br>**THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND d/b/a TULANE UNIVERSITY** | **CIVIL ACTION NO. 16-3184**<br><br>**SECTION "J"**<br>**JUDGE BARBIER**<br><br>**MAG. DIVISION (2)**<br>**MAG. JUDGE WILKINSON** |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

This memorandum is submitted by Defendant, The Administrators of the Tulane Educational Fund d/b/a Tulane University ("Tulane"), in support of its Motion to Dismiss all claims asserted by Plaintiff, Christopher England ("Plaintiff"), individually and on behalf of similarly situated employees, as set forth in Plaintiff's Original Compliant – Collective Action (hereinafter, "Complaint") [Rec. Doc. 1].

**I.  FACTUAL BACKGROUND**

Plaintiff filed suit against Tulane on April 14, 2016, alleging in the most general of terms that Tulane failed to pay him "overtime" under the Fair Labor Standards Act (the "FLSA"), failed to pay him wages in the form of "vacation/sick time/PTO/holiday day," and failed to offer him certain benefits.  [Complaint, Rec. Doc. 1, ¶ I – Summary].  Plaintiff purported to bring suit on his own behalf and also on behalf of a putative class consisting of similarly-situated "hourly, non-exempt employees employed by Tulane within the past three years."  Zo[Complaint, Rec. Doc. 1, ¶ I – Summary].

## II.     STANDARD OF LAW

Defendant moves this Court to dismiss all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As the Supreme Court has held, a court should not maintain a complaint that fails to set forth a plausible basis concerning all material elements necessary to sustain recovery under some viable legal theory.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level.  The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly,* 550 U.S. at 555 (citations and quotations omitted).

To defeat a 12(b)(6) motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."  *Id*.  The issue before the Court is whether the substantive nature of the allegations in Plaintiff's Complaint are such that Plaintiff "is entitled to offer evidence to support [his] claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  Therefore, a plaintiff must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

In the instant case, even accepting the allegations in the Complaint as true for the purposes of this motion, Plaintiff has not and cannot state a claim upon which relief can be

2

granted, neither on his own behalf nor on behalf of any similarly situated employee. As such, all of the claims set forth in the Complaint should be dismissed, with prejudice.

## III.   LEGAL ANALYSIS – MOTION TO DISMISS

### A.   General Pleading Requirements

Section 207(a) of the FLSA generally requires employers to provide non-exempt employees who work more than forty hours per week overtime pay at a rate of one and a half times an employee's "regular rate." A plaintiff alleging a violation of the FLSA's overtime requirements must allege with sufficient factual specificity: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *See, Mejia v. Brothers Petroleum, LLC*, 2015 WL 3619894 (E.D. La. June 9, 2015); *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627 (5th Cir. 2014).

### B.   Plaintiff Has Not Adequately Pleaded a Claim for Overtime Compensation under the Fair Labor Standards Act

To survive a motion to dismiss, a plaintiff asserting a claim for overtime must allege, <u>at a minimum</u>, that he worked more than forty hours in a specific workweek without being compensated for overtime hours during that particular workweek. Failure to do so falls short of the pleading standard imposed by *Iqbal* and *Twombly* and is fatal to a plaintiff's complaint. *See, Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 645 (9th Cir. 2014); *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d. Cir. 2013) (allegation that in "some or all weeks [plaintiff] worked more than forty hours a week without being paid 1.5 times her rate of compensation" not sufficient); *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2d. Cir. 2013) (confirming dismissal where plaintiff failed to identify a single

3

workweek composed of at least forty hours and uncompensated time in excess of forty hours in that same workweek); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (allegations were "little more than a paraphrase of the [FLSA] statute" where complaint lacked examples of unpaid time, a description of the work performed during the alleged overtime period, or estimates of the overtime amounts owed); *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 242 (3d. Cir. 2014) (allegations that plaintiffs worked between thirty-two and forty hours per week but frequently worked "extra time" not sufficient); *Coleman v. John Moore Services, Inc.*, 2014 WL 51290, *2 (S.D. Tex. 1/7/14) (dismissing allegations that plaintiff worked forty hours during "one or more weeks" and that during "one or more weeks" the employer failed to pay overtime because there was no factual context to allow the court to determine if the plaintiff actually worked uncompensated overtime hours).

Plaintiff's generalized allegations that Tulane "engaged in a pattern, practice, and [sic] or policy of violating the FLSA overtime provisions" [Complaint Rec. Doc. 1, ¶ 9] and that Tulane "did, in fact, pay Mr. England some overtime but still owes for numerous hours" [Complaint Rec. Doc. 1, ¶ 20] are nothing more than threadbare recitations that fail to meet the *Iqbal/Twombly* standard. Plaintiff's failure to pinpoint <u>even a single workweek</u> in which he worked more than forty hours and was not compensated accordingly is fatal to his Complaint. Pretermitting this fatal flaw in Plaintiff's Complaint, the remainder of his allegations are completely devoid of any factual context that can form the basis of a FLSA violation.[1]  Courts

---

[1] Particularly noteworthy is the fact that Plaintiff claims he is owed overtime under the FLSA because of an "internal requirement" implemented by Tulane, which allegedly involved the payment of overtime for any hours worked in excess of 37.5 in a single workweek. [Complaint, Rec. Doc. 1, ¶¶ 9, 15, 21]. To the extent Tulane promised Plaintiff increased compensation for working over 37.5 hours per week (which is expressly denied), a claim of this nature is not cognizable under the FLSA, which only requires overtime compensation for hours worked in excess of forty per workweek. *See Lundy*, 711 F.3d at 116 ("so long as an employee is being paid the minimum wage or more, the FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week."); *Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 865 (S. D. Tex. May 21, 2014) (granting summary judgment to defendant employer on plaintiffs' unpaid wage claims for work performed in a less than forty hour workweek).

4

routinely dismiss FLSA complaints that make significantly more detailed allegations than those made by Plaintiff.  *See, e.g., Pruell*, 678 F.3d at 14 ("Yet even the amended complaint does not provide examples let alone estimates as to the amounts of such unpaid time for either plaintiff or describe the nature of the work performed…"); *Coleman*, 2014 WL 51290, at *4 ("It is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA … our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations."); *Landers*, 771 F.3d at 646 (upholding dismissal where plaintiff alleged misleading pay scheme and falsified payroll records but failed to allege a single workweek in which plaintiff worked more than forty hours and was not compensated accordingly).

    **C.**    **Plaintiff Has Not Adequately Pleaded that Tulane is Subject to Enterprise Coverage under the Fair Labor Standards Act**

"The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce (`individual coverage') or employed in an enterprise engaged in commerce or in the production of goods for commerce (`enterprise coverage')." *Coleman*, 2014 WL 51290, at *5 (quoting *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir.1992)). "Commerce," under the FLSA, "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id*. (quoting 29 U.S.C. § 203(b)).  A plaintiff must set forth sufficient facts upon which enterprise coverage can be determined in order to survive a motion to dismiss.

Without further factual development, Plaintiff simply recites the FLSA requirements for enterprise coverage:  "At all times relevant to this action, Defendant was an 'enterprise engaged

in interstate commerce' within the meaning of the FLSA." [Complaint, Rec. Doc. 1, ¶5].[2] This formulaic recitation is wholly insufficient to state a claim upon which relief can be granted. *See, Mejia v. Brothers Petroleum, LLC*, 2015 WL 3619894, at *6-7 (E.D. La. June 9, 2015) (J. Vance) (dismissing complaint where only allegation of enterprise coverage was conclusory statement that "Defendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States"); *Teaney v. Kenneth & Co. Honey Do Services*, 2014 WL 3435416, at *4 (N.D. Tex. July 15, 2014), (dismissing complaint where sole allegation of enterprise coverage was "[A]t all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce."); *Morrow v. JW Electric, Inc.*, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011), ("Rather than pleading specific facts that establish individual or enterprise coverage, plaintiff merely recites the statutory elements of FLSA coverage, or asserts generalized facts that do not relate to the coverage issue."). Because Plaintiff has failed to allege facts that, if taken as true, establish coverage under the FLSA, this Motion to Dismiss should be granted.

### D. Plaintiff Has Not Adequately Pleaded a Collective Action under the Fair Labor Standards Act

Plaintiff purports to bring his claims on behalf of himself and other "similarly situated, hourly, non-exempt employees of Tulane" who were "denied proper overtime while classified as non-exempt employees through Tulane's custom or policy of ignoring internal and federal overtime requirements." [Complaint, Rec. Doc. 1, ¶¶ 7, 8]. This broad, generalized description of a putative class fails to state a claim upon which collective action relief can be granted.

There are two requirements to proceed as a collective FLSA action: (1) all plaintiffs must be similarly situated, and (2) a plaintiff must consent in writing to take part in the suit. *See*

---

[2] Plaintiff has not alleged that Tulane is subject to the FLSA by virtue of the fact that he is individually engaged in interstate commerce ("individual coverage").

*Wischnewsky v. Coastal Gulf & Int'l, Inc.*, 2013 WL 1867119, at *4 (E.D. la. May 2, 2013). Although the FLSA does not define "similarly situated," courts have held that plaintiffs must allege facts sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law. *Id.* A collective action complaint under the FLSA must, at a minimum, give the defendant fair notice of the putative class. *See, Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012); *Flores v. ACT Event Services, Inc.*, 55 F. Supp.3d 928, 940 (N.D. Tex. Oct. 21, 2014).

For example, in *Creech*, the plaintiff purported to bring a FLSA collective action but failed to provide any description or details about other individuals who were allegedly "similarly situated." *See, Creech*, 2012 WL 4483384, at *3. Specifically, plaintiff did not allege that the other employees were subject to the same pay provisions as the plaintiff; the only allegation made was that the defendants employed "other shift supervisors who worked off the clock without being paid overtime compensation for all hours worked over forty." *Id.* at *2. The court dismissed the collective action allegations, reasoning that plaintiff failed to provide a sufficient description of the putative class. *Id.; see also, Flores*, 55 F.Supp.3d at 940 (dismissing FLSA collective action allegations – "It is not the defendants' responsibility to define the putative class by piecing together factual allegations strewn throughout a complaint; rather, fair notice requires plaintiffs to clearly define the putative collective class.").

Here, Plaintiff's broad description of "similarly situated" employees does not withstand *Iqbal* scrutiny. As an initial matter, Plaintiff has failed to identify any similarly situated employee who worked more than forty hours in a single workweek and was not compensated accordingly. This failure is fatal to the collective action allegations just like it is fatal to Plaintiff's individual claim. Furthermore, Plaintiff has failed to identify the allegedly similarly situated employees with any sort of specificity – *i.e.* by job title, division, hours worked, method

7

of pay, geographic location, or any other appropriate classification or even generalized description. As a result, Tulane has no notice whatsoever as to whether these purportedly similarly situated employees shared Plaintiff's job title or duties, were paid by the same method, or were subject to the same policies and procedures as Plaintiff. Therefore, the collective action allegations should be dismissed, in their entirety.

> E. **Plaintiff's Collective Action Allegations are Procedurally Defective and Should be Dismissed**

The Complaint not only purports to assert a collective action but also prays that the Court issue notice as soon as possible to all hourly employees described as the putative class. This proposed procedure is in direct contravention of the well-settled rules governing FLSA collective actions.

The conditional certification process for an FLSA collective action involves two stages, a "notice" stage and a decertification stage. *See, e.g., White v. Integrated Elec. Techs., Inc.*, 2013 WL 2903070, *3 (E.D. La. June 13, 2013); *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709, *4 (E.D. La. July 2, 2004); *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp.2d 873, 878 (E.D. La. 2008); *Lima v. International Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 798 (E.D. La. 2007). District courts in the Eastern District of Louisiana utilize the "*Lusardi*" method for determining whether to conditionally certify a proposed FLSA class. *See, Crowley v. Paint & Body Experts of Slidell, Inc.*, 2014 WL 2506519, at *4 (E.D. La. June 3, 2014); *Prejean v. O'Brien's Response Mgmt., Inc.*, 2013 WL 5960674, at *3-4 (E.D. La. Nov. 6, 2013); *Lang v. DirecTV, Inc.*, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011); *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709, at *3-4 (E.D. La. July 2, 2004). Under the *Lusardi* method, the plaintiff bears the burden of demonstrating that he or she is "similarly situated to the proposed class" by demonstrating: (1) a reasonable basis for crediting the assertion that aggrieved individuals exist;

8

(2) those aggrieved individuals are similarly situated to the plaintiff with regard to the claims and defenses asserted; and (3) those aggrieved individuals actually want to join the collective action. *See id.* Under the well-settled procedural law of this district, plaintiffs must make this showing by moving for conditional certification via a stand-alone motion and with sufficient support evidence. *See id.* By law, defendants are afforded the opportunity to rebut Plaintiff's showing through a motion opposing conditional certification. *See id.*

Here, Plaintiff seeks to completely circumvent the FLSA certification process. Plaintiff describes a putative "FLSA Collective" in the Complaint and, without even asking the Court to conditionally certify the class, instructs the Court to send notification to "similarly situated" employees. [Complaint, Rec. Doc. 1, ¶ 12]. This proposed process completely eliminates Tulane's legal right to challenge the make up of the putative class, the contents of the notice (which is not provided), and the process by which such notice will be furnished. *See id.* Plaintiff claims that "[a]ll conditions precedent to the bringing [sic] of this lawsuit have been satisfied and fulfilled." [Complaint, Rec. Doc. 1, ¶ 13]. To the contrary, not a single condition precedent for certifying a collective action has been satisfied. Therefore, Plaintiff's prayer for collective action treatment should be denied.

### F. Plaintiff's State Law Claims Should Be Dismissed in the Interest of Judicial Economy and Fairness

Generally, a district court that has original jurisdiction over certain claims also has supplemental jurisdiction over all other claims that are so related to the claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). But, when a district court dismisses all or most claims over which it has original jurisdiction, the court is empowered by § 1367(c)(3) to decline extending jurisdiction over the remaining state law claims. *See,* 28 U.S.C. § 1367(c)(3). Indeed, the United States Supreme Court and United States Fifth Circuit Court of Appeal have

9

consistently held that a federal court <u>should</u> decline to exercise jurisdiction over pendent state law claims when all federal claims are disposed of prior to trial. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Parker & Parsley Petroleum Co. v. Dressler Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). In determining whether to decline supplemental jurisdiction over pendent state law claims, the court should consider relevant factors such as judicial economy, convenience, fairness, and comity. *Batiste v. Island Records, Inc.*, 179 F.3d 217 (5th Cir. 1999).

Here, the factors of judicial economy, fairness, and comity weigh in favor of dismissing Plaintiff's state law claims. First, this Court is not intimately familiar with the facts of this case, as litigation has been pending for less than two months. Second, Plaintiff will suffer no undue inconvenience as the only claims remaining after dismissal of federal claims are governed exclusively by state law. Third, Plaintiff's state law claims will not be prejudiced in any manner by litigation in state court. Finally, under the doctrine of comity, the state court is equipped for making determinations involving the Louisiana Wage Payment Act. In light of § 1367(c)(3) and the well-settled law set forth in *Parker & Parsley Petroleum*, this Court should not retain jurisdiction over Plaintiff's state law claims.

## IV.   LEGAL ANALYSIS – MOTION FOR MORE DEFINITE STATEMENT

In the event the Court declines to dismiss all claims against Tulane, the Court should at a minimum compel Plaintiff to provide more specific factual allegations regarding Tulane's alleged illegal behavior. Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Tulane is entitled to know the nature of the conduct in which it engaged to support the allegations set forth in the Complaint. *See, Anderson v. U.S. Dept. of Housing and Urban Dev.*, 554 F.3d 525, 528-29 (5th Cir. 2008) ("[A] complaint must put the defendant on notice as to what conduct is being called

for defense in a court of law."). Therefore, to the extent there are claims remaining in this lawsuit after the consideration of this Motion to Dismiss, the Court should mandate that Plaintiff provide a more definite statement of those claims.

## V. CONCLUSION

Tulane respectfully asks this Court to dismiss Plaintiff's vague and conclusory allegations of FLSA violations, including any and all allegations that Plaintiff attempts to assert on a collective action basis. This Court is not and should not be a forum for such "paint by numbers" complaints; much more is required under the standard imposed by Federal Rule of Civil Procedure 12(b). If the Court dismisses the FLSA claims, the supplemental state law claims should also be dismissed in accordance with § 1367(c)(3). To the extent this Court does not dismiss Plaintiff's FLSA claims, Plaintiff should be required, at a minimum, to provide a more definite statement of his claims pursuant to Rule 12(e).

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

    BY:   */s/ M. Nan Alessandra*
        M. NAN ALESSANDRA (#16783)
        KIM M. BOYLE (#18133)
        ALEX H. GLASER (#33151)
        Canal Place, 365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: 504-566-1311
        Telecopier: 504-568-9130
        Email: alessann@phelps.com
               boylek@phelps.com
               glasera@phelps.com

    **ATTORNEYS FOR DEFENDANTS, THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND D/B/A TULANE UNIVERESITY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2016, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this proceeding.

/s/ M. Nan Alessandra