UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER ENGLAND                    CIVIL ACTION

VERSUS                                 NO: 16-3184

ADMINISTRATORS OF THE TULANE           SECTION: "J" (2)
EDUCATIONAL FUND


<u>**ORDER AND REASONS**</u>

Before the Court are a *12(b)(6) Motion to Dismiss or, in the Alternative, Rule 12(e) Motion for a More Definite Statement* **(Rec. Doc. 3)** filed by Defendant, the Administrators of the Tulane Educational Fund d/b/a Tulane University ("Tulane"), and an *Opposition* thereto **(Rec. Doc. 4)** filed by Plaintiff, Christopher England ("Plaintiff"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

<u>**FACTS AND PROCEDURAL BACKGROUND**</u>

This litigation arises from Plaintiff's employment with Tulane from 2012 to 2015. Plaintiff alleges that he worked in the A.B. Freeman School of Business as a "tutor," earning $19 per hour. According to Plaintiff, Tulane defined a full-time work week as thirty-seven and a half hours per seven days. Accordingly, by Tulane's own rules, it owed its employees overtime pay for any hours exceeding thirty-seven and a half in a given work week.

1

Plaintiff alleges that he routinely worked overtime hours, but "Tulane creatively calculated [Plaintiff's] pay, denied him benefits paid to other full-time employees, instructed him not to clock in using the timekeeping system[,] and finally, terminated him . . . ." (Rec. Doc. 1, at 2.)

Plaintiff filed suit on April 14, 2016, alleging violations of the Fair Labor Standards Act ("FLSA") and Louisiana law. Additionally, Plaintiff raised claims on behalf of a putative class "comprised of all similarly situated hourly, non-exempt employees employed by Tulane within the past three years who worked at least thirty-seven and a half hours per week, with some overtime, and were not paid correctly through cash wages and/or benefits." (Rec. Doc. 1, at 2.) Defendant filed the instant motion on June 20, 2016, alleging that Plaintiff's complaint fails to state a claim under the FLSA. Plaintiff opposed the motion on July 5. Defendant subsequently filed a motion for leave to file reply, which is currently pending before the Court.

## PARTIES' ARGUMENTS

Defendant argues that this Court should dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). First, Defendant contends that Plaintiff's complaint fails to state a claim for overtime compensation under the FLSA. Specifically, Defendant claims that Plaintiff did not adequately plead that he worked more

2

than forty hours in a specific work week without being compensated for overtime hours during that particular week. Further, Defendant argues that Plaintiff's request for overtime for hours worked over thirty-seven and a half in a work week is not cognizable under the FLSA. Second, Defendant contends that Plaintiff's complaint failed to adequately plead enterprise coverage under the FLSA. According to Defendant, Plaintiff merely restates that FLSA requirements for enterprise coverage.

Third, Defendant argues that Plaintiff failed to adequately plead a collective action under the FLSA. Defendant takes issue with Plaintiff's "broad, generalized" descriptions of the putative class members. According to Defendant, Plaintiff must provide some description of the similarly situated employees, including their job titles, divisions, hours worked, method of pay, geographic location, or other appropriate classification. Fourth, Defendant contends that Plaintiff's collective action allegations are "procedurally defective." Plaintiff's complaint asks the Court to send notice to the similarly situated employees without first conditionally certifying the class. Fifth, Defendant argues that the Court should dismiss Plaintiff's state-law claims along with his federal claims, in the interest of judicial economy and fairness. Finally, in the event the Court does not dismiss Plaintiff's claims, Defendant asks the Court to compel Plaintiff to provide a more definite statement.

3

Plaintiff filed an opposition to the motion, arguing that his complaint contains clear and unambiguous allegations of failure to pay overtime. Further, Plaintiff emphasizes that he provided exhibits supporting his allegations, including emails showing Defendant's failure to maintain time records and evidence of his status as a non-exempt employee. In the event the Court finds his allegations insufficient, Plaintiff requests the opportunity to amend his complaint.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S.at 678.

## DISCUSSION

Under Section 207 of the FLSA, employers are generally required to pay their employees one and a half times their regular pay rate for any hours the employee works in excess of forty (40) per week. *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (citing 29 U.S.C. § 207(a)(1)). Section 216(b) of the FLSA provides employees wrongfully denied overtime with a cause of action against their employers and authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime on their own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b); *Johnson*, 561 F. Supp. 2d at 572. Defendant argues that Plaintiff's complaint is deficient under the FLSA for several reasons. The Court will address each argument in turn.

5

## I.    Failure to State a Claim for FLSA Overtime Compensation

To adequately state a claim for unpaid overtime under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime . . . wage requirements; and (4) the amount of overtime . . . compensation due." *Mejia v. Bros. Petroleum, LLC*, No. 12-2841, 2015 WL 3619804, at *2 (E.D. La. June 9, 2015) (citing *Johnson v. Heckmann Water Res., Inc.,* 758 F.3d 627, 630 (5th Cir. 2014)). Defendant does not identify specifically which elements are unsatisfied in Plaintiff's complaint. However, Defendant's motion seems to focus on numbers (3) and (4)—that the employer violated the FLSA's overtime wage requirements and the amount of overtime compensation due, respectively.

Courts of this District find that a plaintiff satisfies the uncompensated overtime element of an FLSA claim by pleading sufficient facts to put the defendant on notice as to the "approximate date ranges, as well as the approximate number of hours worked," for which the plaintiff claims he was under-compensated. *Mejia*, 2015 WL 3619804, at *6. For example, the plaintiffs in *Mejia* alleged "that they worked approximately 70-80 hour[s] per week before July of 2012, and then approximately 50 hours per week thereafter, without receiving overtime pay." *Id.* In

this case, Plaintiff's complaint states that he "routinely worked overtime hours and met Tulane's own definition of a full-time employee, averaging over thirty-seven and a half (37.5) hours per week." (Rec. Doc. 1, at 2.) Further, Plaintiff alleges, "Tulane did, in fact, pay Mr. England some overtime but still owes for numerous hours despite amicable demand." *Id.* at 5.

These allegations fail to put Defendant on notice of the approximate date ranges and approximate number of hours worked for which Plaintiff claims he was under-compensated. While Plaintiff alleges that he worked for Defendant from 2012 to 2015, he fails to provide specific dates of employment. Further, Plaintiff does not allege the approximate hours he worked in each work week. Plaintiff claims that Defendant paid some of the required overtime, but he does not allege how much Defendant still owes. For these reasons, Plaintiff's complaint fails to state a claim for overtime compensation under the FLSA.

## II.  Failure to Plead Enterprise Coverage under the FLSA

Second, Defendant contends that Plaintiff's complaint fails to adequately plead enterprise coverage under the FLSA. The minimum wage and overtime provisions in the FLSA apply to employees who are either (1) "engaged in commerce or in the production of goods for commerce" ("individual coverage") or (2) "employed in an enterprise engaged in the production of goods for commerce" ("enterprise coverage"). *Mejia*, 2015 WL 3619804, at *4 (quoting 29

U.S.C. §§ 206(a), 207(a)). To state a claim for enterprise coverage, the plaintiff must allege facts giving rise to a reasonable inference that the defendant is an "enterprise engaged in commerce or in the production of goods for commerce." *Id.* The FLSA defines such an enterprise as one that

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . .

29 U.S.C. § 203(s)(1).

In this case, Plaintiff's complaint alleges, "At all times relevant to this action, Defendant was an 'enterprise engaged in interstate commerce' within the meaning of the FLSA." (Rec. Doc. 1, at 3.) Plaintiff merely repeats the enterprise coverage standard without alleging facts giving rise to a reasonable inference that Defendant was an enterprise engaged in commerce or the production of goods for commerce. *Mejia*, 2015 WL 3619804, at *4. Further, Plaintiff fails to allege that Defendant's employees engaged in commerce or in the production of goods for commerce. Nor does Plaintiff allege that Defendant's annual gross volume of business exceeded $500,000. Thus, Plaintiff's complaint fails to plead sufficient facts to plead enterprise coverage under the FLSA.

## III. Failure to Plead a Collective Action under the FLSA

Third, Defendant argues that Plaintiff's complaint fails to adequately plead a FLSA collective action. As explained above, section 216(b) of the FLSA authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime on their own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). To proceed as a representative action, all plaintiffs must be similarly situated and must consent in writing to take part in the suit. *Wischnewsky v. Coastal Gulf & Intern., Inc.*, No. 12-2277, 2013 WL 1867199, at *4 (E.D. La. May 2, 2013).

To prevail against a motion to dismiss, a plaintiff's complaint "must allege facts sufficient to demonstrate that [he] and potential plaintiffs were victims of a common policy or plan that violated the law." *Id.* "Plaintiffs need only show their positions are similar, not identical." *Creech v. Holiday CVS, LLC*, No. 11-46-BAJ-DLD, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012). Moreover, "[a]s applied to a collective action under the FLSA, a 12(b)(6) motion should *not* succeed if the complaint gives 'the defendant fair notice of the putative class.'" *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (quoting *Dyer v. Lara's Trucks, Inc.,* No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013)).

District courts disagree on "whether certain job descriptions and factual allegations meet the plausibility standard" and on "whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address the issue." *Creech*, 2012 WL 4483384, at *2. However, the Court finds that Plaintiff's collective action allegations do not give Defendant fair notice of the putative class. The complaint should provide details about or descriptions of the similarly situated parties, along with sufficient facts to show that they were subject to the same pay provisions. *Id.* In *Creech*, the plaintiff claimed that the other class members "performed the same or similar job duties in that they 'provided customer services' for the Defendants." *Id.* The court found those allegations insufficient. *Id.*

In this case, Plaintiff's allegations are similarly vague. Plaintiff's proposed putative class "is comprised of all similarly situated hourly, non-exempt employees employed by Tulane within the past three years who worked at least thirty-seven and a half hours, per week, with some overtime, and were not paid correctly through cash wages and/or benefits." (Rec. Doc. 1, at 2.) While Plaintiff states that the class members will be hourly employees, Plaintiff does not provide any job descriptions of the proposed class members. *See Flores*, 55 F. Supp. 3d at 940 (stating that plaintiffs should use their own job duties to help define a specific putative class). Further, Plaintiff attempts to include

10

employees who have worked thirty-seven and a half hours per week, ignoring the fact that the FLSA only applies to employees who work forty hours per week. Due to its lack of specificity, Plaintiff's complaint fails to provide Defendant with fair notice of the putative class.

## IV.  Collective Action Procedures

Fourth, Defendant argues that Plaintiff's complaint attempts to circumvent the usual procedures for collective actions. The complaint asks the Court to issue notice to all similarly situated employees. However, this Court uses the following standards and procedures to determine whether to conditionally certify a class:

> To certify a collective action under the . . . FLSA, . . . two requirements must be met. First, the named representatives and the putative members of the prospective FLSA class must be similarly situated. . . . Second, the action at issue must have a general effect. . . . A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice. . . . To resolve the question whether putative collective action members are similarly situated, courts may employ a two-step analysis for conditional certification as established by the Fifth Circuit in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995). First, at the so-called "notice stage," the district court decides whether notice of the action should be given to potential class members. . . . This decision is usually based only on the pleadings and any affidavits which have been submitted. . . . It is made applying a fairly lenient standard, and usually results in "conditional certification" of a representative class. . . . At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . . Following conditional certification,

> putative class members are given notice and the
> opportunity to opt in to the collective action. . . .
> The case then proceeds throughout discovery as a
> collective action. . . . A second step takes place later
> on, when and if the defendant files a motion for
> decertification, after more extensive discovery has
> taken place.

*Donahue v. Francis Servs., Inc.*, No. 04-170, 2004 WL 1161366, at

*1 (E.D. La. May 24, 2004). Defendant correctly asserts that

Plaintiff must file a motion to certify class before the Court can

conditionally certify a class and send notice to putative class

members. Therefore, the Court will disregard Plaintiff's request

to send notice to putative class members.

**V.   Requested Relief**

Defendant asks this Court to dismiss Plaintiff's complaint

entirely, including his state-law claims. While the Court has

jurisdiction over Plaintiff's state-law claim pursuant to 28

U.S.C. § 1367(a),[1] Fifth Circuit precedent suggests that this Court

should dismiss the supplemental state law claims. *Parker & Parsley*

*Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

"[W]hen the single federal-law claim is eliminated at an 'early

stage' of the litigation, the district court has 'a powerful reason

---

[1] "[I]n any civil action of which the district courts have original
jurisdiction, the district courts shall have supplemental jurisdiction
over all other claims that are so related to claims in the action within
such original jurisdiction that they form part of the same case or
controversy under Article III of the United States Constitution." 28
U.S.C. § 1367(a).

to choose not to continue to exercise jurisdiction.'" *Id.* (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)). Further, a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

While dismissal is the typical result of a successful Rule 12(b)(6) motion, the Court can grant the plaintiff leave to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have discretion to grant leave to amend, but the federal rules favor granting leave over denying it. *See Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). However, justifications for denying leave to amend include: "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, and the futility of the amendment." *Id.* Allowing a plaintiff to amend a complaint is "futile" when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Plaintiff's amended complaint could potentially state a claim under the FLSA. Plaintiff has established that he worked for Tulane and was a non-exempt employee. Plaintiff's amended complaint will likely state a claim under the FLSA, as long as it addresses the

deficiencies identified by the Court. For these reasons, the Court will allow him leave to amend.

CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *12(b)(6) Motion to Dismiss* is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint within 21 days, or the Court will dismiss his claims with prejudice.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Leave to File Reply* is **DENIED** as moot.

New Orleans, Louisiana this 19th day of July, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE