UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER ENGLAND                      CIVIL ACTION

VERSUS                                   NO: 16-3184

ADMINISTRATORS OF THE TULANE             SECTION: "J" (2)
EDUCATIONAL FUND

<u>ORDER AND REASONS</u>

Before the Court is a *12(b)(6) Motion to Dismiss the Amended Complaint* **(Rec. Doc. 8)** filed by Defendant, the Administrators of the Tulane Educational Fund d/b/a Tulane University ("Tulane"), an *Opposition* thereto **(Rec. Doc. 9)** filed by Plaintiff, Christopher England ("Plaintiff"), and a *Reply Memorandum* **(Rec. Doc. 12)** filed by Tulane. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

<u>FACTS AND PROCEDURAL BACKGROUND</u>

This litigation arises from Plaintiff's employment with Tulane from 2012 to 2015. Plaintiff alleges that he worked in the A.B. Freeman School of Business as a "tutor," earning $19 per hour. According to Plaintiff, Tulane defined a full-time work week as thirty-seven and one-half hours per seven days. Therefore, Plaintiff asserts that Tulane's own rules require it to provide employees overtime pay for any hours exceeding thirty-seven and one-half in a given work week. Plaintiff alleges that he routinely

1

worked overtime hours, but "Tulane creatively calculated [Plaintiff's] pay, denied him benefits paid to other full-time employees, instructed him not to clock in using the timekeeping system[,] and finally, terminated him . . . ." (Rec. Doc. 7, at 2).

Plaintiff filed suit on April 14, 2016, alleging violations of the Fair Labor Standards Act ("FLSA") and Louisiana law. Additionally, Plaintiff raised claims on behalf of a putative class "comprised of all similarly situated hourly, non-exempt employees employed by Tulane within the past three years who worked at least thirty-seven and a half hours per week, with some overtime, and were not paid correctly through cash wages and/or benefits." (Rec. Doc. 1, at 2). Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on June 20, 2016, alleging that Plaintiff's complaint failed to state a claim under the FLSA. On July 19, 2016, this Court granted that motion, and ordered Plaintiff to file an amended complaint within 21 days or the Court would dismiss his claims with prejudice. (Rec. Doc. 6, at 14).

Plaintiff filed an amended complaint on August 9, 2016. (Rec. Doc. 7). In response, Defendant filed the present *Motion to Dismiss Pursuant to Rule 12(b)(6)*. **(Rec. Doc. 8)**.

## PARTIES' ARGUMENTS

Defendant argues that this Court should dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Federal

Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendant first contends that Plaintiff's amended complaint fails to state a claim for overtime compensation under the FLSA. Specifically, Defendant claims that Plaintiff did not adequately plead that he worked more than forty hours in a specific work week without being compensated for overtime hours during that particular week. Defendant also argues that Plaintiff failed to adequately plead a collective action under the FLSA. Defendant points out that the amended complaint defines the putative class in terms nearly identical to the vague language of the original complaint, despite guidance from this Court to provide more specificity.

Defendant contends that Plaintiff's collective action allegations are procedurally defective because Plaintiff instructs the Court to notify all "similarly situated" employees without first asking the Court to conditionally certify the class. Defendant also argues that Plaintiff's amended complaint improperly requests compensation pursuant to FLSA for work in excess of thirty-seven and one-half hours but fewer than forty per week.

Additionally, Defendant argues that Plaintiff's state law claims should be dismissed. Defendant asserts that the state law claims are preempted by the FLSA, and that claims for health insurance and retirement contributions plans are governed by ERISA and should therefore be dismissed as premature. Finally, Defendant

3

argues that Plaintiff failed to adequately make a claim for unpaid wages under state law.

Plaintiff filed an opposition to the motion, arguing that his complaint contains clear and unambiguous allegations of failure to pay overtime. In particular, Plaintiff calls to the Court's attention a spreadsheet detailing the overtime hours he alleges to have worked. Plaintiff also asserts that the changes made to his amended complaint have satisfied the FLSA collective action requirements for the pleading stage, and that the amended complaint does not attempt to circumvent FLSA collective action procedure.

In defending his state law claims, Plaintiff asserts that the FLSA and state law claims are distinct, and so the state law claims are not preempted. Plaintiff also argues that he could not have exhausted ERISA procedural requirements because he was not allowed to apply for benefits. Finally, Plaintiff argues that he made a sufficient claim for unpaid wages as required by state law.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

4

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S.at 678.

## **DISCUSSION**

Under Section 207 of the FLSA, employers are generally required to pay their employees one and one-half times their regular pay rate for any hours worked in excess of forty per week. *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (citing 29 U.S.C. § 207(a)(1)). Section 216(b) of the

FLSA provides employees wrongfully denied overtime with a cause of action against their employers and authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime on their own behalf and on behalf of other "similarly situated" employees.  29 U.S.C. § 216(b); *Johnson*, 561 F. Supp. 2d at 572.  Defendant argues that Plaintiff's complaint is deficient under the FLSA for several reasons. The Court will address each argument in turn.

I.   **FLSA Claim for Overtime Compensation**

To adequately state a claim for unpaid overtime under the FLSA, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid . . . periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime . . . wage requirements; and (4) the amount of overtime . . . compensation due." *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2015 WL 3619894, at *2 (E.D. La. June 9, 2015) (citing *Johnson v. Heckmann Water Res., Inc.,* 758 F.3d 627, 630 (5th Cir. 2014)).  In granting Defendant's previous motion to dismiss, this Court identified two FLSA requirements missing from Plaintiff's original complaint: first, the original complaint failed to adequately allege that Defendant violated the FLSA's overtime wage requirements; and second, the original complaint did not put

Defendant on notice for the amount of overtime compensation Plaintiff alleged was due.

In the amended complaint, Plaintiff attempts to cure both deficiencies by providing a spreadsheet as an exhibit detailing the amount of unpaid overtime hours he alleges to have worked. This spreadsheet purports to account for the hours worked during all pay periods from July 2, 2012 up through and including December 14, 2014. Although the amended complaint itself does not state the number of overtime hours Plaintiff alleges to have worked, the spreadsheet identifies 828 "OT Hours," which the Court presumes is the total number of overtime hours claimed by Plaintiff. Except for a reference to the spreadsheet in the amended complaint, the "Failure to Pay Overtime" sections of the original and amended complaints are nearly identical. (Rec. Doc. 7, at 6).[1] Defendant argues that the amended complaint suffers from the same shortcomings as the original complaint because the amended complaint simply "mimics" the original complaint, and because the

---

[1] Defendant does not argue that the Court should refrain from reviewing the spreadsheet attached as an exhibit. Indeed, the amended complaint makes reference to the spreadsheet and therefore the Court considers the spreadsheet as well. *See Tellabs, Inc. v. Makor Issues & Rights, LTD.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . ."); *Maloney Gaming Mgmt., LLC v. St. Tammany Par.*, 456 Fed. App'x. 336, 340 (5th Cir. 2011) (noting that courts considering a 12(b)(6) motion "may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims").

attached spreadsheet is too vague to put Defendant on notice for the alleged overtime hours worked.

"Allegations of a complaint must be sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Kidwell v. Dig. Intelligence Systems, LLC*, No. 13-4064, 2014 WL 4722706, at *4 (N.D. Tex. Sept. 22, 2014) (quoting *Twombly,* 550 U.S. at 555*)*.  This notice requirement is satisfied in the FLSA context when the complaint contains the "approximate date ranges, as well as the approximate number of hours worked," for which the plaintiff claims he was under-compensated.   *Mejia*, 2015 WL 3619894, at *6 (holding that plaintiffs adequately pleaded uncompensated overtime by alleging "that they worked approximately 70-80 hour[s] per week before July of 2012, and then approximately 50 hours per week thereafter, without receiving overtime pay").  Rule 8(a) does not require an FLSA complaint to be "replete with detailed factual allegations" so long as it provides the defendant with fair notice. *See Hoffman v. Cemex, Inc.*, No. 09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009).

Defendant asserts that numerous aspects of Plaintiff's amended complaint fail to provide the specificity required to put Defendant on notice.  (Rec. Doc. 8-1, at 4-6).  For instance, Defendant points out that the spreadsheet contains graphical notations that are indecipherable to the viewer. *Id.* at 4-5.  Due

to the vagueness of the spreadsheet, Defendant asserts that Plaintiff failed to provide Defendant with specific enough data about the overtime hours he alleges to have worked.  While the spreadsheet attached by Plaintiff is vague and difficult to decipher, the Court finds that it nevertheless suffices to notify Defendant of the contours of Plaintiff's claim.  The spreadsheet clearly establishes a date range extending from July 2012 through December 2014.  (Rec. Doc. 7-2, Exhibit D).  The spreadsheet identifies a total of 828 overtime hours, providing Defendant with a concrete number of overtime hours Plaintiff alleges to have worked.  *Id.*  "Those are all factual allegations—not legal conclusions—and, if proven, they give rise to a plausible claim for relief."  *Mejia*, 2015 WL 3619894, at *6 (internal citations omitted).

Defendant's assertion that the amended complaint leaves it "completely in the dark" with respect to Plaintiff's overtime claim is unconvincing.  *See* (Rec. Doc. 8-1, at 5).  Although the spreadsheet contains notations not immediately decipherable to the Court,[2] the exhibit still provides all the notice required at this

---

[2] Examples of such ambiguous notations found within the spreadsheet are: 1. "**" markings that appear on certain line items without further description other than that they are in a column entitled "Missing"; 2. Different colorations of cells in the spreadsheet without guidance as the relevancy of the colors; 3. Certain cells, such as the cell in the "Reg Hours" column for the pay period 5/20/13 - 6/2/13, have a number that is significantly different than the other numbers in the column; and 4. Lines run through the spreadsheet in a manner that appears to indicate a distinction between sections, but the Court was unable to ascribe any meaning to the lines. (Rec. Doc. 7-2, Exhibit D).

stage of litigation. *See Murphy v. Multi-Shot, LLC.*, No. 14-1464, 2014 WL 4471538, at *2 (S.D. Tex. Sept. 10, 2014) ("An FLSA plaintiff is not [] required to plead the precise amount of unpaid wages to which he is allegedly entitled.")  By identifying the relevant time period, the spreadsheet provides Defendant with enough information to search its own records to more accurately investigate Plaintiff's period of employment.  The number of overtime hours worked by Plaintiff should become more discernable through the discovery process, especially because Defendant can now access its own employee records using the data provided by Plaintiff in the spreadsheet. *See Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-231, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010) ("[I]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records.") (internal citations omitted).

## II.  FLSA Collective Action Pleading

Defendant argues that Plaintiff's amended complaint fails to adequately plead an FLSA collective action.  Section 216(b) of the FLSA authorizes one or more employees to bring a collective action to recover unpaid overtime on their own behalf and on behalf of other "similarly situated" employees.  29 U.S.C. § 216(b). Although it is necessary for all employees in a collective action to be "similarly situated," the FLSA does not define this term.

10

*Lang v. DIRECTV, Inc.*, 735 F. Supp. 2d 421, 434 (E.D. LA 2010). Additionally, the Fifth Circuit has not specified the level of detail required to be shown in the pleading stage, as opposed to the class certification stage. *Id.* Nevertheless, a successful FLSA complaint must allege facts supporting the conclusion that all potential plaintiffs were "victims of a common policy or plan that violated the law." *Wischnewsky v. Coastal Gulf & Int'l, Inc.*, No. 12-2277, 2013 WL 1867119, at *4 (E.D. La. May 2, 2013). "Plaintiffs need only show their positions are similar, not identical." *Creech v. Holiday CVS, LLC*, No. 11-46, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012). Moreover, "[a]s applied to a collective action under the FLSA, a 12(b)(6) motion should *not* succeed if the complaint gives the defendant fair notice of the putative class." *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014) (internal quotations omitted).

When addressing the adequacy of the original complaint, this Court suggested that a satisfactory collective action pleading "should provide details about or descriptions of the similarly situated parties, along with sufficient facts to show that they were subject to the same pay provisions." (Rec. Doc. 6, at 10). This Court also noted that the original complaint lacked any job descriptions of the proposed class members. *Id.* Additionally, this Court found the original complaint to provide Defendant with inadequate notice because it included as class members all

11

employees who worked thirty-seven and one-half hours per week, even though the FLSA only provides a remedy for hours worked in excess of forty per week. *Id.*

Plaintiff's amended complaint attempts to cure these deficiencies in two ways. First, the amended complaint has identified the class as "similarly situated, hourly, non-exempt '*tutors*'" employed by Tulane. (Rec. Doc. 7, at 4) (emphasis added). In so doing, Plaintiff changed only one word from the original complaint, replacing "employees" with "tutors." The amended complaint also changes the qualifications of class members. While the original complaint included class members who worked thirty-seven and one-half hours per week, the amended complaint now only includes class members who have been "denied proper overtime." *Id.* By identifying all class members as tutors who have worked overtime hours and are owed overtime wages, Plaintiff hopes to have provided a satisfactory increase in particularity.

Although the changes made to the amended complaint are minimal, they sufficiently provide Defendant with fair notice of the putative class. The amended complaint does not, as this Court suggested would be prudent, provide a job description for the proposed class, nor does it use Plaintiff's own job duties to define the contours of the class. *See Flores*, 55 F. Supp. 3d at 940 ("The plaintiffs should have used [their] job duties to assist

12

in defining a more specific putative class.") Nevertheless, Plaintiff's replacement of the word "employees" with "tutors" provides a much more specific description of the class. By limiting the class to only tutors, the amended complaint narrows down the potential class members to those who have a unique title and job description. *Cf. Creech*, 2012 WL 4483384, at *3 (finding a complaint with a putative class consisting of "shift supervisors" failed to be descriptive enough to justify collective action because the complaint failed to provide any further description of the supervisors); *Flores,* 55 F. Supp. 3d at 940 (same result when complaint defined the class as "all persons who worked or work for Defendants and who were/are subject to Defendants' unlawful pay practices . . .").

The Court is mindful that this case has not yet reached the conditional certification stage. *See Lang*, 735 F. Supp. 2d at 434-35. Therefore, "this determination is made using a fairly lenient standard." *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). The Plaintiff will have the opportunity to develop a record on the issue before moving for certification. *See Lang*, 735 F. Supp. 2d at 435. Likewise, the Court will then be able to review the appropriateness of collective action upon such a motion for certification. *Hoffman*, 2009 WL 4825224, at *4. Today's decision prevents Defendant from

13

performing an "end-run [around] the certification process by trying certification on the face of the complaint." *Lang*, 735 F. Supp. 2d at 436.

## III. Collective Action Procedures

Defendant argues that Plaintiff's amended complaint attempts to circumvent the FLSA certification process by instructing the Court to notify similarly situated employees prior to filing a stand-alone motion for conditional certification. (Rec. Doc. 8-1, at 15). This Court laid out the procedure for FLSA collective actions in the Order and Reasons granting the motion to dismiss the original complaint. *See* (Rec. Doc. 6, at 11-12). As discussed therein, an FLSA plaintiff "must file a motion to certify class before the Court can conditionally certify a class and send notice to putative class members." *Id.*

Plaintiff's amended complaint includes the following request: "[The members of the putative class] should be notified of and allowed to opt-in pursuant to 29 U.S.C. § 216(b), *upon grant of conditional certification*." (Rec. Doc. 7, at 5) (emphasis added). This statement clearly demonstrates awareness of the procedural requirement to obtain conditional class certification prior to notification. The amended complaint does not request the Court to act in circumvention of FLSA class certification protocol. Therefore, Plaintiff's collective action allegations are not

14

procedurally defective and Defendant's motion to dismiss on this ground is premature.

## IV.  Gap Time Claim

Defendant argues that the amended complaint attempts to improperly invoke the FLSA by claiming that Defendant owes Plaintiff the overtime rate for all hours worked by Plaintiff in excess of thirty-seven and one-half per week, even though the FLSA only provides this recourse for hours worked in excess of forty per week.  (Rec. Doc. 8, 10).  The FLSA's overtime provisions generally do not provide a remedy if the employee has been paid at least minimum wage and has not worked more than forty hours in a week. *Green v. Dallas County Schools*, No. 04-891P, 2005 WL 1630032, at *3 (N.D. Tex July 6, 2005).  Claims for uncompensated overtime wages when the employee has worked less than forty hours in a week are often referred to as "gap time" claims. *Id.* The Court agrees with Defendant that if Plaintiff's amended complaint were to raise a gap time FLSA cause of action, then such claim would fail as a matter of law. *See Ebbs v. Orleans Par. Sch. Bd.*, No. 04-1198, 2012 WL 3644168, at *5 (E.D. La. Aug. 24, 2012).

Plaintiff asserts that the amended complaint relies upon Louisiana law, and not the FLSA, to obtain compensation for the hours worked in excess of thirty-seven and one-half but less than forty.  The amended complaint, however, does not support that argument.  The amended complaint relies solely upon the FLSA in

15

its "Failure to Pay Overtime" section.  (Rec. Doc. 7, at 5-6).  In fact, the amended complaint does not list an overtime compensation rate as one of the benefits upon which Plaintiff relies in its section of state law claims.  Because the Court concludes that the amended complaint relies upon the FLSA for this cause of action, the claim is an impermissible gap time claim.

**V.   State Law Claims and Preemption**

Plaintiff's amended complaint states a claim under Louisiana law in addition to his FLSA claims.  In particular, the amended complaint alleges that Tulane has an internal requirement, distinct from the FLSA mandate, that all employees who work thirty-seven and one-half hours in a week are considered full-time employees and are offered certain benefits that include vacation, paid time off, sick days, and paid holidays.  (Rec. Doc. 7, at 5-6).  Plaintiff further alleges that Defendant failed to provide these benefits to Plaintiff despite Plaintiff having worked the requisite thirty-seven and one-half weekly hours.  Defendant counters that this state law claim is preempted by the FLSA.

Louisiana law requires employers to pay their employees "the amount then due under the terms of employment" upon the employees' discharge.  La. Rev. Stat. § 23:631(A)(1)(a).  "[T]he statutory language in La. Rev. Stat. § 23:631(A)(1)(a) does not distinguish between regularly earned wages and overtime compensation. . . ." *Kidder v. Statewide Transport, Inc.*, 2013-594, p. 8 (La. App. 3

16

Cir. 12/18/13); 129 So. 3d 875, 880; *Holmes v. Notary Shoppe, Inc.*, 2014-22, p. 8 (La. App. 5 Cir. 5/28/14); 139 So. 3d 1183, 1189. Therefore, the statute is broad enough to capture all compensation due under the terms of employment, and not just overtime compensation. *See Odom v. Respiratory Care, Inc.*, 1998-263 (La App. 1 Cir. 2/19/99); 754 So. 2d. 252, 256 (noting that there is a "distinction between an employer timely paying earned wages for all hours worked, and an employer refusing to pay [alleged overtime wages]" and holding that "[t]he payment of overtime wages is clearly governed by the FLSA").

In the context of unpaid overtime claims for employees engaged in interstate commerce, the FLSA preempts state law causes of action. *See Kidder v. Statewide Transport, Inc.*, 2013-594, p. 6 (La. App. 3 Cir. 12/18/13); 129 So. 3d  875, 880; *Little v. Mizell*, No. 15-268, 2016 WL 3430489, at *4 (E.D. La. June 22, 2016).   But here, Plaintiff is invoking the Louisiana law for benefits he alleges to be entitled to by virtue of meeting Tulane's internal requirement of providing the above-described benefits to employees who work thirty-seven and one-half hours weekly.   In this case, Plaintiff makes a state law claim to compensate for what he alleges is due under the terms of the contract, not for compensation he alleges to be due for overtime wages. Accordingly, Plaintiff's state law claim for vacation, paid time off, sick days, and paid holidays are not preempted by the FLSA.

## VI.   ERISA

As described above, the amended complaint alleges that Plaintiff is owed certain benefits because he satisfied Defendant's internal requirement to qualify for said benefits. Among the benefits Plaintiff alleges to be owed are "health insurance and retirement contribution plans." (Rec. Doc. 7, at 6).   Alleging that Defendant violated state law, the amended complaint states that Plaintiff is entitled to be paid the value of the benefits "and/or damages from the denial of said benefits." *Id.* at 7.  Defendant argues that health insurance and retirement contribution plans are properly characterized as plans subject to the Employment Retirement Income Security Act of 1974 ("ERISA"), and that Plaintiff's claims are premature because Plaintiff has not exhausted the administrative procedures required by ERISA. Plaintiff, however, contends that it is "unfathomable" that he would have been able to follow ERISA's administrative procedures because he "was never afforded the opportunity to even apply for benefits." (Rec. Doc. 9, at 4).

The amended complaint does not explicitly state the names of the benefit plans to which it refers.  In its motion to dismiss, Defendant asserts that the health insurance plan is properly characterized as an "employee welfare benefit system" as defined by Section 3(1) of ERISA.  Defendant also asserts that the retirement contribution plan referred to by Plaintiff qualifies as

18

an "employee pension benefit plan" under Section 3(2) of ERISA. Plaintiff does not dispute in his opposition to the motion to dismiss that these plans qualify as "employee welfare benefit system" and "employee pension benefit plan," respectively.   The Court is therefore satisfied that these plans are ERISA-governed. Defendant points out that ERISA-governed plans are required to establish and maintain reasonable administrative remedies addressing the denial of plan benefits.   *See* 29 C.F.R. § 2560.503-1(b)(6)(i) (requiring such plans to "set[] forth or incorporate[] by specific reference–(A) Provisions concerning the filing of benefit claims and the initial disposition of benefit claims, and (B) a grievance and arbitration procedure to which adverse benefit determinations are subject").

Because the health insurance and retirement contribution plans referred to in Plaintiff's amended complaint are plans that fall under ERISA, Plaintiff's complaint with respect to these claims is premature.   "[A] plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied." *Chailland v. Brown & Root, Inc.* 45 F.3d 947, 950 (5th Cir. 1995); *see also Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp.*, 215 F.3d 475, 480 (5th Cir. 2000) ("[P]laintiffs seeking ERISA plan benefits are bound by the plan's administrative procedures and must use them before filing suit even if they have no notice of what those

procedures are.")   Accordingly, Plaintiff is required to exhaust the administrative procedures of the plans.

The Court finds the Fifth Circuit's ruling in *McGowin v. ManPower International, Inc*. instructive.   363 F.3d 556 (5th Cir. 2004).     In *McGowin*, the plaintiff claimed that her employer fraudulently deprived her of certain ERISA benefits, which she asserted "amount[ed] to loss of retirement benefits, profit sharing benefits, yearly bonuses and medical health care . . ." that other employees receive.   *Id.* at 559.   As in the present case, there was no evidence that the plaintiff in *McGowin* made any attempt to claim benefits from the employer or initiated an administrative claim for benefits.   *Id.* at 559-60.   Instead, the plaintiff stated that she "was denied 'meaningful access' to the administrative process" and so she could not have exhausted the required administrative procedures.   *Id.* at 559.   The court noted that although the plaintiff's complaint alleged a state law claim of fraud, the plaintiff nevertheless was seeking "determination for benefits under an ERISA-governed plan." *Id.*  For this reason, the court held that the claim was preempted by ERISA.   *Id*.

Here, Plaintiff's amended complaint does not specifically seek a remedy through ERISA.   But because the benefits are ERISA-governed, Plaintiff must exhaust all the administrative remedies required by ERISA.   Plaintiff cannot rely on remedies available through the Louisiana law if a remedy is also available through

20

ERISA because ERISA will preempt the Louisiana law claim. *See Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co.*, 562 F. Supp. 2d 760, 765 (E.D. La. 2008). State law claims that seek the same relief afforded under ERISA § 502(a) are completely preempted, "regardless of how artfully pleaded as a state action." *Id.* (internal citations omitted).

## VII. Proper Demand for State Law Claim

In order to recover under the La. Rev. Stat. 23:631(A)(1)(a), the employee must make a demand upon the employer for the payment. La. Rev. Stat. § 23:632; *Jackson v. Housing Auth. For Par. of St. James*, 2005-665, p. 8 (La. App. 5 Cir. 3/14/2006); 926 So. 2d 606, 611. Defendant argues that the amended complaint fails to allege that Plaintiff made a legal demand for wage payments. However, the amended complaint states that Plaintiff "made demand for payment of these wages upon his separation." (Rec. Doc. 7, at 6). Although a demand for payment "must be fairly precise and certain," *see Lambert v. Usry & Weeks*, 1994-216, p.3 (La. App. 5 Cir. 9/14/94); 643 So. 2d 1280, 1281, the allegation is sufficient to overcome a Rule 12(b)6 motion to dismiss.

## CONCLUSION

Plaintiff's gap time claims for hours worked in excess of thirty-seven and one-half per week but less than forty is **dismissed with prejudice** for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff's claims for health insurance and retirement

contribution plan benefits are **dismissed without prejudice** as premature because Plaintiff has not exhausted all administrative procedures as required by ERISA.  Defendant's motion to dismiss is denied in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *12(b)(6) Motion to Dismiss* **(Rec. Doc. 8)** is **GRANTED IN PART** and **DENIED IN PART.**

New Orleans, Louisiana this 3rd day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE